## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JULIO IBARRO-JIMENEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   CIV-16-0482-HE |
| | ) | |
| THE BROCK GROUP, INC., a foreign | ) | |
| corporation, | ) | |
| Defendant. | ) | |

### DEFENDANT THE BROCK GROUP, INC.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441(a), Defendant, The Brock Group, Inc. ("Brock"), files the following Notice of Removal and would show the Court as follows:

### I.

An action was commenced by Plaintiff against Brock in the District Court in and for Oklahoma County, Oklahoma on April 7, 2016, and Brock was served with a copy of the Summons and Petition on April 19, 2016. The action is entitled *Julio Ibarro-Jimenez v. The Brock Group, Inc., a foreign corporation, Defendant,* Case No. CJ-2016-1834 ("State Court Action"). The following process, pleadings, and Orders have been served or filed in the State Court Action, and are attached as Exhibits 1 and 2, Petition and Summons, respectively.

### II.

Contemporaneous with the filing of this Notice of Removal, Brock is giving the Oklahoma County District Court written notice of the same. *See* Notice of Removal of

1

Action to Federal Court, attached as Exhibit 3.  In addition, a copy of the docket sheet for

the action pending in Oklahoma County District Court is attached.  *See* Exhibit 4.

### III.

This Court has jurisdiction over the State Court Action and removal is proper

pursuant to 28 U.S.C. § 1331.   This action involves claims of alleged unlawful

discrimination based on national origin under 42 U.S.C. § 2000(e) and race discrimination

under 42 U.S.C. § 1981.  Under 28 U.S.C. § 1331, for civil actions arising under federal

law, the Federal District Courts have original jurisdiction.   Therefore, this Court has

original jurisdiction over Plaintiff's claim for unlawful discrimination asserted in this

lawsuit.

### IV.

Under 28 U.S.C. § 1367, where a Federal District Court has original jurisdiction,

the Court shall also have supplemental jurisdiction over all other claims that are so related

to claims in the action within such original jurisdiction that they form part of the same case

or controversy.  In addition to Plaintiff's claims for national origin and race discrimination

in violation of 42 U.S.C. § 2000(e) and 42 U.S.C. § 1981, Plaintiff alleges claims for

wrongful termination under the Oklahoma Standards for Workplace Drug and Alcohol

Testing Act and violation of the Oklahoma Anti-Discrimination Act.  Each of Plaintiff's

claims in the State Court Action arise out of the employment relationship between Plaintiff

and Brock.  Plaintiff's claims not falling under the Court's original jurisdiction under 28

U.S.C. § 1331 are so related to Plaintiff's claim for national origin and race discrimination

that they form part of the same case or controversy under Article III of the United States

Constitution.  Therefore, the Court should exercise supplemental jurisdiction over all of Plaintiff's state law claims.

## V.

This Court has jurisdiction over the State Court Action and removal is also proper pursuant to 28 U.S.C. § 1332.  This case involves a civil action between citizens of different states, and the amount in controversy exceeds the sum or value of $75,000.00.  Plaintiff is a citizen of the State of Oklahoma. Brock is incorporated in the State of Texas, and Brock maintains a principal place of business in the State of Texas.  Plaintiff's Petition seeks damages in excess of the $75,000.00 statutory prerequisite for diversity jurisdiction.  *See* Exhibit 1.  Therefore, this Court has original jurisdiction over Plaintiff's claims asserted in this lawsuit.

## VI.

Brock was served by certified mail with Summons and a Copy of the Petition in the State Court Action on April 19, 2016.  *See* Exhibits 1 and 2.

## VII.

This Notice of Removal is being filed within thirty days after Brock was served with process notifying it of the action pending in Oklahoma County.  The Notice of Removal is being filed within one year after commencement of the State Court Action.  Therefore, removal of the State Court Action to this Court is timely and satisfies the requirements of 28 U.S.C. § 1446(b) and (c).

## VIII.

Brock is the only named Defendant in this case, so there is no other Defendant from whom it would be necessary for Brock to obtain consent for this removal.

## IX.

For these reasons, Brock requests that the above-styled action pending in the District Court of Oklahoma County, Oklahoma, be removed to the United States District Court for the Western District of Oklahoma.

Respectfully submitted,

/s/Jo Anne Deaton
Jo Anne Deaton, OBA #5938
Troy J. McPherson, OBA #32071
RHODES HIERONYMUS JONES TUCKER & GABLE, PLLC
P. O. Box 21100
Tulsa, OK 74121-1100
918-582-1173 (Telephone)
918-592-3390 (Facsimile)
*Attorneys for Defendant, The Brock Group, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th of May, 2016, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

E. Ed Bonzie
*Attorney for Plaintiff*

/s/Jo Anne Deaton
Jo Anne Deaton