# EXHIBIT 2 –
# DISTRICT COURT PETITION

IN THE DISTRICT COURT FOR OKLAHOMA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| JULIO IBARRO-JIMENEZ, | ) |
| Plaintiff, | ) |
| v. | ) No. CIV-16- - |
| THE BROCK GROUIP, INC., a foreign corporation, | ) |
| Defendant. | ) |

CJ' 2016-1834

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

APR - 7 2016

TIM RHODES
COURT CLERK

89

## PETITION

COMES NOW, the Plaintiff, Julio Ibarro-Jimenez, (hereinafter "Plaintiff"), by and through his attorney of record, Ed Bonzie, P.C., and for this his Complaint against the Defendant named herein, "The Brock Group, Inc.("Brock"), and submits the following:

## JURISDICTION

1. The jurisdiction is of this Court is invoked pursuant to Title VII of the Civil Rights as amended, and for race discrimination pursuant to 42 U.S.C. § 1981, by the Defendants. Plaintiff alleges this Court has supplemental jurisdiction pursuant to 40 O.S. § 563 the Oklahoma Standards for Workplace Drug and Alcohol Testing Act (OSWDATA) . This action also seeks declaratory, injunctive and equitable relief, actual, and compensatory damages, and costs and attorneys' fees for the tortious acts and discrimination suffered by Plaintiff in his employment with Defendant.

2. In compliance with 42 U.S.C. §2000e, et. seq., Plaintiff caused to be filed a charge of discrimination with the Equal Employment Opportunity Commission on or about

April 28, 2015, one day (1) after being terminated, in which he alleged that he was discriminated against by his employer by national origin. A true and accurate copy of which is attached hereto as Exhibits "1", and incorporated by reference as if fully set forth herein. On or about February 11, 2016, Plaintiff received a Notice of Right to Sue letter which was issued by the Equal Employment Opportunity Commission, with respect to the charges as set forth in Exhibit "1". A copy of said Notice of Right to Sue is attached hereto as Exhibit "2", and incorporated by reference as if fully set forth herein.

## VENUE

2. All actions about which plaintiff complains occurred in the County of Oklahoma, State of Oklahoma; therefore, this Court is the appropriate venue for these complaints of plaintiff.

## DAMAGES

3. This action seeks declaratory and equitable relief, actual damages against Defendants, compensatory damages against Defendant, liquidated damages, punitive damages, and costs and attorney's fees for the deprivation of plaintiff's federal and state rights to fair employment.

## PARTIES

4. Plaintiff Julio Ibarro-Jimenez is a resident of Oklahoma County, State of Oklahoma; and, he is a former employee of Defendant Wal-Mart Associates, Inc.

5. A. Defendant The Brock Group, Inc. is a foreign corporation licensed

and transacting business in the State of Oklahoma.

B.   Defendant Brock Group is a foreign limited partnership licensed and transacting business in the State of Oklahoma.

## FACTS

6.   Plaintiff had was hired as an insulation foreman by Brock on October 11, 2014.

7.   During the term of employment with Brock, Plaintiff had a history of being harassed by his supervisor, David Barron for his "Mexican accent", and the supervisor wanted him to speak more English at work..

8.   On April 27th, 2015, Plaintiff was a passenger in a company van with three (3) other employees that was following a work truck. The driver of the van collided with the work truck. The accident was reported to David Barron. The driver of the company van and Plaintiff were asked to submit to a drug test. The other three employees/occupants of the van were not asked to submit to drug test. The driver failed his drug test and was fired as a result. However, although Plaintiff passed his drug test, Plaintiff was terminated from his employment. The other three employees were not fired. The driver of the work truck immediately called David Barron and reported the accident. The reason given Plaintiff for his termination was because he had not reported the accident to David Barron.

## FIRST CAUSE OF ACTION

### (Wrongful Termination - 40 O.S. § 551 et seq.)

For this Second Count of his Petition, the Plaintiff incorporates herein by reference all of the allegations heretofore made, and further alleges and states as follows:

9. Defendant violated the rights of Plaintiff in the testing procedure for acquiring a urine sample in violation of 40 O.S. § 559(5).

10. Brock violated the rights of Plaintiff by refusing to provide him a copy of the tests results for the urine sample taken on February April 27, 2015 in violation of 40 O.S. § 560(B) and remains in violation of this statute as Plaintiff has sought copies form Brock since his termination and met with continued refusal.

11. Brock imposed discipline, including termination, without confirming any of the alcohol tests (whether urine or EBT) by means of GC/MS method (Gas Chromatography/Mass Spectrometry) in violation of 40 O.S. § 562(A).

12. Plaintiff was never contacted by a Medical Review Officer of the Defendant as to any positive drug tests of Plaintiff, if any.

13. Brock failed to uniformly apply or comply with its own Drug and Alcohol Policy in violation of 40 O.S. § 555; being that Defendant: 1) did not test Plaintiff for alcohol by blood sample; 2) suspended and terminated Plaintiff based on the policy when Plaintiff had not tested at or in excess of .04% Blood Alcohol Content (BAC); and 3) did not confirm any of Plaintiff's test samples by GC/MS method (Gas Chromatography/Mass Spectrometry).

## SECOND CAUSE OF ACTION
## VIOLATION OF THE OKLAHOMA ANTI-DISCRIMINATION ACT (OADA)

12. For this, the second cause of action of his Petition, Plaintiff incorporates herein all the allegations heretofore made, and further alleges and states as follows:

13. Defendant violated the rights of Plaintiff in the testing procedure for acquiring a urine sample in violation of 40 O.S. § 559(5).

14. Brock violated the rights of Plaintiff by refusing to provide him a copy of the tests results for the urine sample taken on February April 27, 2015 in violation of 40 O.S. § 560(B) and remains in violation of this statute as Plaintiff has sought copies form Brock since his termination and met with continued refusal.

15. Brock imposed discipline, including termination, without confirming any of the alcohol tests (whether urine or EBT) by means of GC/MS method (Gas Chromatography/Mass Spectrometry) in violation of 40 O.S. § 562(A).

16. Plaintiff was never contacted by a Medical Review Officer of the Defendant as to any positive drug tests of Plaintiff, if any.

17. Brock failed to uniformly apply or comply with its own Drug and Alcohol Policy in violation of 40 O.S. § 555; being that Defendant: 1) did not test Plaintiff for alcohol by blood sample; 2) suspended and terminated Plaintiff based on the policy when Plaintiff had not tested at or in excess of .04% Blood Alcohol Content (BAC); and 3) did not confirm any of Plaintiff's test samples by GC/MS method (Gas

Chromatography/Mass Spectrometry).

18. Other employees who passed the drug test, during auto wreck and were in the van with the Plaintiff were not terminated. The conduct of Defendant in terminating Plaintiff from his position as a foreman was in violation of the Oklahoma Anti-Discrimination Act, 25 O.S. §1301 (4).

19. As a direct and proximate result of Defendant's conduct Plaintiff has suffered, is suffering, and will continue to suffer, loss of employment and damages to his psychological well-being.

20. Defendant's conduct was malicious, and in reckless disregard to Plaintiff's rights.

### THIRD CAUSE OF ACTION
### (NATIONAL ORIGIN)

21. For this, the Third cause of action of his Petition, Plaintiff incorporates herein all the allegations heretofore made, and further alleges and states as follows:

22. Plaintiff was the only foreman from Mexico of Hispanic descent in that department. Minority employees such as Plaintiff, became targets of discrimination and were harassed by David Baron in that department. On the other hand, non-minority employees in that department are not terminated.

23. Other employees who work in the department and were in the van at the time of the accident were given drug test and passed. were not terminated.

24. It is believed as a well known fact that, the supervisor, David Barron, in Plaintiff's department played favoritism with the non-minority employees Out of total employees

in the Plaintiff' Department, Plaintiff was the only employee from Mexico, Central America.

25. The conduct of Defendant in terminating Plaintiff from his position as a Foreman was in violation of Title VII of the Civil Rights Act of 1964, 42 U.S. § 2000(e), based on National Origin, and Race since Plaintiff is a Latin American and a native of Guatemala.

26. Upon information and belief, Plaintiff did not violate any of Brock's policies, but while the other non-minority employees were protected from losing their jobs during drug tests, Plaintiff was left without any protection, which culminated into his termination. Thus, he was treated differently from the other non-minority employees because of his race, and national origin.

27. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered, is suffering, and will continue to suffer loss of employment, and damages to his psychological well-being.

28. Plaintiff seeks actual and punitive damages from the Defendant for its willful violation of the Oklahoma Standards for Workplace Drug and Alcohol Testing Act in an amount in excess of Ten Thousand ($75,000.00) Dollars.

29. Plaintiff also seeks attorney's fees and the costs and expenses of this proceeding as allowed under law, 40 .O.S. § 563(B).

**WHEREFORE**, premises considered, your Plaintiff prays for judgment against the Defendant for each of the Counts I-II as alleged in his Complaint, above; for actual damages in a sum in excess of Ten Thousand ($75,000.00) Dollars; for punitive damages in a sum in excess of Ten Thousand ($75,000.00) Dollars; and for the costs and expenses of this proceeding, including reasonable attorney's fees; and for such other legal or

equitable relief as this Honorable Court deems just and proper.

Respectfully submitted,

_____
E. Ed Bonzie, OBA #15190
8201 S. Walker
Oklahoma City, OK 73139
Telephone: (405) 631-1021
Facsimile: (405) 616-2488
***Attorneys for the Plaintiff***

Attorney lien claimed