## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

JULIO IBARRO-JIMENEZ,      )
                                       )
             Plaintiff,      )
                                       )
v.                           )     Case No. CIV-16-0482-HE
                                       )
THE BROCK GROUP, INC., a foreign  )
corporation,                  )
             Defendant.    )

## DEFENDANT THE BROCK GROUP, INC.'S *UNOPPOSED* MOTION AND BRIEF IN SUPPORT TO STAY PROCEEDINGS AND COMPEL ARBITRATION

COMES NOW the Defendant, The Brock Group, Inc. ("Brock"), and moves this Court to issue an Order staying this lawsuit until arbitration has been completed in accordance with the terms of Brock's Dispute Resolution Policy (hereafter referred to as "the Agreement") received and acknowledged by Plaintiff before beginning his employment with Brock. Brock also requests an Order compelling the parties to arbitrate this matter. Counsel for Plaintiff has advised Brock's counsel that Plaintiff does not intend to oppose this Motion. In support of this Unopposed Motion, Brock shows the Court as follows:

### STATEMENT OF FACTS

Plaintiff applied for employment with Brock on or about October 11, 2014 seeking an Insulation Foreman position. Plaintiff reviewed and signed the Agreement declaring the parties' intent to submit disputes or claims between Plaintiff and Brock to "final and binding arbitration exclusively conducted under

the [Judicial Arbitration and Mediation Services, Inc. ("JAMS")] Employment

Arbitration Rules and Procedures."  *See* Dispute Resolution Policy, attached as

Exhibit 1, at ¶ 3.  Among the disputes or claims Plaintiff agreed to submit to

arbitration were:

> Such claims, disputes and/or controversies, without limitation,
> including those arising out of or relating to: . . . termination, or
> harassment and claims arising under the . . . Civil Rights Act of 1964
> . . . and federal, state, or other statutes and/or ordinances, if any,
> addressing the same or similar subject matters, and all other federal,
> state, or other statutory and common law claims including retaliation
> claims[.]

*Id.* at ¶ 1.  By executing the Agreement, Plaintiff agreed that such arbitration would

be conducted pursuant to the JAMS Employment Arbitration Rules and procedures

in effect at the time of the demand for arbitration.  *See id*.  Plaintiff signed the

Agreement in conjunction with his Conditional Offer of Employment.

Plaintiff filed his Petition in the District Court of Oklahoma County,

Oklahoma on April 7, 2016 asserting various claims arising out of his employment

relationship with Brock including wrongful termination under Oklahoma law and

discrimination under Title VII of the Civil Rights Act of 1964.  On May 9, 2016,

Brock removed the action to this Court pursuant to 28 U.S.C. § 1441.  [Doc. 1]  All

of the causes of action alleged in Plaintiff's Petition arise from or are related to

Plaintiff's employment or the termination of his employment with Brock, and they

are therefore subject to mandatory arbitration pursuant to the terms of the

Agreement.  Plaintiff's counsel was advised of the existence of the Agreement,

Brock's counsel sent Mr. Bonzie a copy of the Agreement, and Plaintiff does not oppose this Motion.

<u>**ARGUMENT AND AUTHORITIES**</u>

**PROPOSITION I:      BROCK'S DISPUTE RESOLUTION POLICY IS VALID AND LEGALLY ENFORCEABLE.**

Agreements containing arbitration provisions are valid, enforceable, and irrevocable. *See* Federal Arbitration Act ("FAA"), 9 U.S.C. § 2. Federal policy favors arbitration and requires parties who have agreed to arbitrate to submit their controversies to arbitration, even where there are multiple parties and issues. *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.,* 460 U.S. 1, 24-25 (1983); *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 25 (1991). The FAA creates a "presumption in favor of arbitrability and courts must resolve all doubts concerning the scope of arbitrable issues in favor of arbitration." *Shankle v. B-G Maintenance Management of Colorado,* 163 F.3d 1230, 1233 (10th Cir. 1999). If portions of arbitration agreements are found to be unenforceable, they should be severed from the agreement rather than invalidating the agreement, since arbitration is favored in both federal and state courts. *Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* 30 F.3d 1482, 1488-89 (10th Cir. 1994); *Bilbrey v. Cingular Wireless, LLC*, 164 P.3d 131, 135 (Okla. 2007). Upon the application of a party, the FAA obliges courts to stay litigation on matters that the parties have agreed to arbitrate and authorizes a Federal District Court to compel arbitration. *See Hill v. Ricoh Ams. Corp.*, 603 F.3d 766, 771 (10th Cir. 2010).

In addition, Oklahoma courts generally look with favor upon arbitration provisions as a shortcut to "substantial justice with a minimum of court interference." *Freeman v. Bodyworks, Inc.*, 2008 OK CIV APP 114, ¶ 4 (citations omitted.)  Oklahoma law consistently recognizes a "strong presumption in favor of arbitration." *Towe, Hester & Erwin, Inc. v. Kansas City Fire & Marine Ins. Co.*, 1997 OK CIV APP 58, 947 P.2d 594, 599.  Oklahoma courts generally resolve ambiguities in an arbitration agreement in favor of finding a dispute to be arbitrable. *Farrell v. Concept Builders, Inc.,* 2009 OK CIV APP 34, 208 P.3d 483, 485; *see also City of Muskogee v. Martin,* 1990 OK 70, ¶ 8, 796 P.2d 337 ("Doubts should be resolved in favor of coverage.")  Arbitration should be compelled unless it can be said with positive assurance that the arbitration clause is not susceptible to an interpretation that covers the asserted dispute.  *Thompson v. Bar-S Foods Co.*, 2007 OK 75, 174 P.3d 567, 572 (citations omitted).

Under both Federal and Oklahoma law, Brock's Agreement is an enforceable contract evidencing the mutual assent of the parties to arbitrate all disputes arising out of or relating to their employment relationship, supported by valid consideration. By signing the Agreement, Plaintiff represented and warranted that he had read and fully understood the Agreement and desired to seek employment with Brock under the conditions outlined in the Agreement.  In turn, Brock provided Plaintiff with gainful employment.  Therefore, Plaintiff affirmatively assented to arbitrate all claims arising from or related to his employment with Brock.  *See* Exhibit 1.

**PROPOSITION II:**   **PLAINTIFF'S CLAIMS FALL WITHIN THE SCOPE OF THE ARBITRATION AGREEMENT.**

The claims in Plaintiff's Petition arise out of his employment relationship with Brock, and therefore trigger the application of the Agreement.  To determine whether a particular dispute falls within the scope of an arbitration clause, a court should:

> [C]lassify the particular clause as either broad or narrow.. . . Where the arbitration clause is broad, there arises a presumption of arbitrability and arbitration of even a collateral matter will be ordered if the claim alleged implicates issues of contract construction or the parties' rights and obligations under it.

*Cummings v. FedEx Ground Package Sys.*, 404 F.3d 1258, 1261 (10th Cir. 2005) (internal citations omitted).  When the parties agreed to arbitrate any controversy or claim arising out of or relating to their relationship, courts categorize such an arbitration clause as broad.  *See Chelsea Family Pharm., PLLC v. Medco Health Solutions, Inc.*, 567 F.3d 1191, 1199 (10th Cir. 2009) (internal citations omitted).

In the present case, the parties manifested their intent to submit all claims arising out of Plaintiff's employment relationship with Brock to arbitration.  The Agreement provides:

> Each, every, any and all claims, disputes and/or controversies now existing or later arising between or among [Brock and Plaintiff] . . . whether now known or unknown, arising out of or related to employment or termination of employment with [Brock] shall be resolved only through final and binding arbitration][.]

Exhibit 1, at ¶ 1.  Moreover, the Agreement specifically addresses claims "arising out of or relating to: . . . termination, or harassment and claims arising under the . . . Civil Rights Act of 1964 . . . and all other federal, state, or other statutory and

common law claims including retaliation claims[.]" *Id.* The broad language of the Agreement evidences the parties' intent to arbitrate Plaintiff's claims for alleged wrongful termination under Oklahoma law and for discrimination under Title VII of the Civil Rights Act of 1964, as well as all related claims, including Plaintiffs' claim for alleged violation of Oklahoma's drug testing laws. Therefore, the parties' dispute is arbitrable under the Agreement, and these litigation proceedings should be stayed.

## CONCLUSION

Based upon the facts and the legal authorities discussed above, the Defendant, The Brock Group, Inc., respectfully requests this Court to stay this action pending arbitration, pursuant to the legally enforceable Agreement between Plaintiff and Brock referenced in the attached Exhibit 1, and to require the parties to arbitrate Plaintiff's employment-related claims against Brock in accordance with the terms of the Agreement.

Respectfully submitted,

/s/Jo Anne Deaton
Jo Anne Deaton, OBA #5938
Troy J. McPherson, OBA #32071
RHODES    HIERONYMUS    JONES
TUCKER & GABLE, PLLC
P. O. Box 21100
Tulsa, OK 74121-1100
918-582-1173 (Telephone)
918-592-3390 (Facsimile)
***Attorneys for Defendant, The Brock Group, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th of May, 2016, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

E. Ed Bonzie
***Attorney for Plaintiff***

/s/Jo Anne Deaton
Jo Anne Deaton